UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

        15 Civ. 3528 (JLL)

  -against-

ADAM S. GOTTBETTER, MITCHELL G. ADAM,
and K. DAVID STEVENSON,

                Defendants.
------------------------------------------------------------x

## FINAL JUDGMENT AS TO DEFENDANT K. DAVID STEVENSON

The Securities and Exchange Commission, having filed a Complaint and Defendant K. David Stevenson ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __5/28/__, 2015

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

          Plaintiff,

  -against-

ADAM S. GOTTBETTER, MITCHELL G. ADAM,
and K. DAVID STEVENSON,

          Defendants.
-------------------------------------------------------X

15 Civ. 3528 (JLL) ( )

## CONSENT OF DEFENDANT K. DAVID STEVENSON

1. Defendant K. David Stevenson ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and consents to the Court's jurisdiction over Defendant and over the subject matter of this action.

2. On December 9, 2013, Defendant pleaded guilty to an Information in United States v. K. David Stevenson, 13 Cr. 777 (JLL) (D.N.J.) ("United States v. Stevenson"), charging him with one count of conspiracy to commit securities and mail fraud, in violation of Title 18, United States Code, § 371. In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in United States v. Stevenson.

3. Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15

1

U.S.C. §§ 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and

(b) permanently restrains and enjoins Defendant from participating in any offering of penny stock pursuant to Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)].

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of

3

this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12.   Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13.   In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail, or facsimile transmission, or email of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's

4

travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: MAY 2 1 2015

_____
K. David Stevenson

On May 21, 2015, Kenneth David Stevenson, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:
My Commission Does Not Expire

David Wach, Notary Public
1605 - 675 West Hastings Street
Vancouver, BC V6B 1N2
Tel: 604-916-7798 Fax: 604-684-7798
Email: david@legalnotary.com

Approved as to form:

_____
Andrew Z. Michaelson
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
(212) 446-2382

Attorney for Defendant

5

EXHIBIT A

SEALED TRANSCRIPT                                                  1

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                      Criminal No. 13-777(JLL)


 - - - - - - - - - - - - - - -X
                               :
UNITED STATES OF AMERICA       :    TRANSCRIPT OF
                               :    PROCEEDINGS
            -vs-               :    PLEA
                               :
KENNETH DAVID STEVENSON,       :    December 9, 2013
                               :
            Defendant.         :
                               :
 - - - - - - - - - - - - - - -X     Newark, New Jersey




B E F O R E:

              THE HONORABLE JOSE L. LINARES,
              UNITED STATES DISTRICT COURT JUDGE
```

     Pursuant to Section 753 Title 28 United States Code, the
following transcript is certified to be an accurate record
as taken stenographically in the above-entitled proceedings.
S/Phyllis T. Lewis, CSR, CRR

                 PHYLLIS T. LEWIS, C.S.R., C.R.R.
      Official Court Reporter - United States District Court
             P.O. Box 25588, Newark, New Jersey  07101
                          (732) 735-4522

SEALED TRANSCRIPT                                                2

```
 1    A P P E A R A N C E S:

 2            PAUL J. FISHMAN, U.S. ATTORNEY
              970 Broad Street
 3            Newark, New Jersey 07102
              973-645-2700
 4            BY:  JENNY KRAMER, Assistant U.S. Attorney
                   for the Government.
 5

 6            BOIES, SCHILLER & FLEXNER, LLP
              575 Lexington Avenue (7th Floor)
 7            New York, New York 10022
              212-446-2300
 8            BY:  NICHOLAS A. GRAVANTE, JR., ESQ.
                   ANDREW Z. MICHAELSON, ESQ.
 9                 KAREN A. CHESLEY, ESQ.
              Attorneys for the Defendant.
10
      A L S O   P R E S E N T:
11
              Stephanie Davis, FBI Agent
12            Michelle Pickels, FBI Agent
              David Bradley, FBI Agent
13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  offense, I am going to have Ms. Kramer ask you a series of
2  questions, so that I can determine whether or not there is,
3  in fact, in other words, whether or not based on your
4  testimony, there is a basis for you to plead guilty, because
5  one of the things I need to do here is I need to be
6  convinced that the facts warrant you pleading guilty.
7          Do you understand that?
8          MR. STEVENSON: Yes, your Honor.
9          THE COURT: Okay.
10         So, Ms. Kramer, why don't you do that?
11         MS. KRAMER: Thank you, your Honor.
12         Between in or about July of 2013 and in or about
13 November of 2013, did you agree with others, specifically an
14 attorney located in New York, who ran a law practice and a
15 registered broker-dealer, and a penny stock promoter who
16 resides in Vancouver, British Colombia, to participate in a
17 stock market manipulation scheme involving the publicly
18 traded stock of Lido, Interational Corp., which later
19 changed its name to "HBP Energy Corp." Hereinafter I will
20 refer to them as the "Target Company," and the shares of
21 which I will refer to as the "Target Stock"?
22         MR. STEVENSON: Yes, I did.
23         MS. KRAMER: Specifically, during the
24 above-referenced time period, did you together with others,
25 conspire to fraudulently inflate the price of the "Target

1    Stock" and then sell it at the inflated price for the
2    purpose of making a profit?
3              MR. STEVENSON: Yes, I did.
4              MS. KRAMER: In order to effectuate the scheme, did
5    you and others obtain and conceal your control of a large
6    portion of free-trading shares of the Target Company?
7              MR. STEVENSON: Yes, I did.
8              MS. KRAMER: Did you and others also agree to
9    engage in manipulative trading of the Target Stock to create
10   the false appearance of market interest?
11             MR. STEVENSON: Yes, I did.
12             MS. KRAMER: In or about August 2013, did you agree
13   with others that an individual, who we will refer to as the
14   "Trader," would use an algorithmic trading system to
15   manipulate the Target Stock?
16             MR. STEVENSON: Yes, I did.
17             MS. KRAMER: Was the algorithmic trading system
18   described to you as a "black box" specifically developed for
19   manipulating stock prices?
20             MR. STEVENSON: Yes, it was.
21             MS. KRAMER: Specifically, did you understand that
22   the "black box" could manipulate the market by placing
23   blocks of free-trading shares in approximately 32 offshore
24   trading accounts in the names of third parties and executing
25   coordinated trades between those accounts to increase the

1  volume of the stock?
2        MR. STEVENSON: Yes. I was aware of that, yes.
3        MS. KRAMER: And did you also understand that such
4  market manipulation would in turn fraudulently create the
5  false appearance of market interest and massive volume in
6  the Target Stock?
7        MR. STEVENSON: Yes, I was aware of that.
8        MS. KRAMER: Also during this time period, in or
9  about August of 2013, did you, together with others, arrange
10 to sell a majority of the free-trading shares of the Target
11 Company that you secretly controlled to the Trader through
12 prearranged trades between the Trader and your nominees?
13       THE WITNESS: Yes.
14       MS. KRAMER: Did you and others plan to sell the
15 Target Stock to investors after fraudulently inflating the
16 price of the Target Stock in the manner described above?
17       MR. STEVENSON: Yes.
18       MS. KRAMER: On or about October 7, 2013, did you
19 direct one of your nominees to place a 5,000 share "sell"
20 order for the Target Stock priced at ten cents per share?
21       MR. STEVENSON: Yes, I did.
22       MS. KRAMER: Did you do this to manipulate the
23 price of the Target Stock?
24       MR. STEVENSON: Yes.
25       MS. KRAMER: In furtherance of this scheme between

```
 1    October 28th, 2013 and November 2st, 2013, did you direct
 2    that accounts of your nominees execute matched trades in the
 3    Target Stock with each other?
 4            MR. STEVENSON:  Yes.
 5            MS. KRAMER:  And did you later learn that these
 6    matched trades between accounts of your nominees were, in
 7    fact, executed as you directed?
 8            MR. STEVENSON:  Yes.
 9            MS. KRAMER:  In committing the above acts, did you
10    act knowingly and intentionally?
11            MR. STEVENSON:  Yes.
12            MS. KRAMER:  Are your pleading guilty today because
13    you are, in fact, guilty of the crime charged in the
14    information, that is, conspiracy to commit securities fraud
15    and mail fraud?
16            MR. STEVENSON:  I am guilty.
17            MS. KRAMER:  Do you have any additional information
18    about this conspiracy that you could provide, if asked to do
19    so?
20            MR. STEVENSON:  I will, yes.
21            MS. KRAMER:  Finally, your Honor, the Government
22    represents to the Court that had this case proceeded to
23    trial, the Government would have been prepared to prove all
24    of the essential elements of the information to a jury
25    beyond a reasonable doubt.  Specifically, the Government
```

1  would be prepared to prove beyond a reasonable doubt at
2  trial that defendant Stevenson and his co-conspirators used
3  the means and instrumentalities of interstate commerce in
4  furtherance of the securities and mail fraud conspiracy, and
5  that on or about October 17th, 2013, a co-conspirator caused
6  a stock certificate for five million free-trading shares of
7  the Target Company to be sent by Federal Express to
8  Belleville, New Jersey,
9            Coupled with those representations, the Government
10 believes that the defendant's responses to the questions
11 above should provide a sufficient factual basis for this
12 Court to accept his guilty plea.
13           THE COURT:  All right.
14           Do you have anything else that you need to discuss
15 with your attorney before I ask you to enter your plea, Mr.
16 Stevenson?
17           MR. STEVENSON:  No, your Honor.
18           THE COURT:  All right.
19           At this point, there is nothing left for me to ask
20 you.  How do you wish to plead to the charge of conspiracy
21 to commit securities fraud as set forth in the information,
22 how do you plead?
23           MR. STEVENSON:  I plead guilty, your Honor.
24           THE COURT:  All right.
25           Look, Mr. Stevenson, I think you are a learned man.

SEALED TRANSCRIPT                                                                36

1  I think you are smart, and I think you had the opportunity
2  to speak to your lawyer. I think you understand what you
3  are doing here and the consequences of what you are doing
4  here, and I think the facts support, based on your
5  testimony, a plea of guilty, so I am going to accept your
6  guilty plea, and I am going to schedule a sentencing date.
7          It is obviously very, very important that you
8  appear at your sentencing date, and if you don't, that could
9  have serious consequences to you and your potential ultimate
10 sentence.
11         Do you understand that?
12         MR. STEVENSON: Yes, your Honor.
13         THE COURT: Also, between now and the date of your
14 sentencing, things are going to happen. Eventually the
15 Probation Department is going to reach out and meet with you
16 and talk to you and ask you for information, because they
17 are going to be preparing a presentence report for me that I
18 am then going to use to determine what is the right
19 sentence. I suggest that you be thorough and accurate with
20 the Probation Department, so they can make the appropriate
21 report.
22         You have a right to have your lawyer with you when
23 you meet with Probation, and you have the right to correct
24 any mistakes that you see in the Probation Department report
25 by telling your lawyer about it, and hopefully your lawyer

SEALED TRANSCRIPT 37

```
 1   can get the Probation Department to change it, or if not, he
 2   can bring it to my attention.
 3             Do you understand that?
 4             MR. STEVENSON:  Yes, your Honor.
 5             THE COURT:  I am going to schedule your sentence in
 6   this matter for March 24th, 2014.
 7             Ms. Kramer, in light of the ongoing investigation,
 8   if that date is not appropriate, you let me know.
 9             MS. KRAMER:  Yes, your Honor.
10             THE COURT:  Right now it will be March 24th, 2014
11   at 11 a.m. in the morning.
12             I have signed the order to seal the record.
13             Lissette, this needs to be filed right away as well
14   as the waiver of indictment, which I am giving you also.
15             (Court and Clerk confer)
16             THE COURT:  All right.
17             With regard to the issue of bail, Ms. Kramer, what
18   is your position on that?
19             MS. KRAMER:  Your Honor, the Government has
20   proposed a bail package as follows:
21             Understanding that the defendant is citizen of
22   Canada, and he resides in the U.K., the Government would not
23   oppose a bail package that suggests travel for the defendant
24   between Canada, the U.K. and the United States, but any
25   other travel that the defendant seeks, he would have to
```

```
 1   advise the FBI in advance of travel and also obtain their
 2   permission.
 3           In addition, the Government is seeking $500,000 of
 4   an unsecured release bond, and those are the terms of the
 5   bail that the Government would propose.
 6           THE COURT: So a $500,000 unsecured appearance
 7   bond, correct?
 8           MR. URBANO: Correct.
 9           THE COURT: So his travel will be restricted to the
10   United States, the United Kingdom and Canada, is that
11   correct?
12           MS. KRAMER: Correct.
13           THE COURT: And the supervision will be conducted
14   by the FBI?
15           MS. KRAMER: Correct.
16           THE COURT: Now, with regard to his duties to
17   advise Pretrial Service immediately about any contact with
18   law enforcement personnel, including any other arrest or an
19   agreement of traffic stop, I am going to add that anyway,
20   because I know he is cooperating, and obviously I am also
21   going to put the requirement that he is not to attempt to
22   influence, intimidate anybody, you know, any judicial
23   officers, jurors, witnesses, et cetera.
24           Okay. All right.
25           (Court and Clerk confer)
```

SEALED TRANSCRIPT                                         39

1          Take them to him to sign them and then bring them
2     back.
3          Is today the 9th?
4          MS. KRAMER: Yes, your Honor.
5          THE COURT: All right.
6          Thank you, Counsel.
7          Will there be anything else?
8          MS. KRAMER: Nothing from the Government, your
9     Honor. Thank you.
10         THE COURT: Anything from you, Mr. Michaelson?
11         MR. MICHAELSON: Nothing from the defendant, your
12    Honor, except that we have notices of appearance to file.
13         THE COURT: Go ahead. You can file them with my
14    Deputy Clerk. We don't really need them because we already
15    have you, but I will take them.
16         MR. MICHAELSON: Thank you, your Honor.
17         THE COURT: Thank you, Judge.
18         (The matter concluded.)
19
20
21
22
23
24
25