UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,     :

        Plaintiff,            :       15 Civ. 3528 (JLL)

          -against-                  :

ADAM S. GOTTBETTER, MITCHELL G. ADAM,    :
and K. DAVID STEVENSON,

           Defendants.          :

-------------------------------------------------------------------x

## FINAL JUDGMENT AS TO DEFENDANT MITCHELL G. ADAM

The Securities and Exchange Commission, having filed a Complaint and Defendant

Mitchell G. Adam ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from

this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security:

       (a)       to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: August 11 , 2015

_____
UNITED STATES DISTRICT JUDGE
Jose L. Linares

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION, :

                  Plaintiff,                :       15 Civ. 3528 (JLL)

   -against-                       :

ADAM S. GOTTBETTER, MITCHELL G. ADAM, :
and K. DAVID STEVENSON,           :

                 Defendants.      :

------------------------------------------------------------x

## CONSENT OF DEFENDANT MITCHELL G. ADAM

1.    Defendant Mitchell G. Adam ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and consents to the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    On July 14 2015, Defendant pleaded guilty to an Information in <u>United States v. Mitchell G. Adam</u>, 15 Cr. 349 (JLL) (D.N.J.) ("<u>United States v. Adam</u>"), charging him with one count of conspiracy to commit securities and mail fraud, in violation of Title 18, United States Code, § 371. In connection with that plea, Defendant admitted the facts set out in the transcript of his plea allocution that is attached as Exhibit A to this Consent. This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in <u>United States v. Adam</u>.

3.    Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)    permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15

U.S.C. §§ 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and

(b)    permanently restrains and enjoins Defendant from participating in any offering of penny stock pursuant to Section 21(d)(6) of the Exchange Act [15 U.S.C. § 78u(d)(6)].

4.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.     Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5.  In compliance with this policy, Defendant acknowledges the guilty plea for related criminal conduct described in paragraph 2 above, and agrees: (i) not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of

this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

      12.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

      13.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail, or facsimile transmission, or email of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's

travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _JULY 1, 2015_                    _____
                                         Mitchell G. Adam

On _JULY 1_, 2015, _Mitchell G Adam_, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

Approved as to form:

_____
Frank A. Rubino, Esq.
Frank A. Rubino, Esq., PA
550 Biltmore Way
Suite 780
Coral Gables, FL 33134
(305) 858-5300

Attorney for Defendant

Notary Public State of Florida
Frank A Rubino
My Commission EE 831976
Expires 09/14/2016

5

EXHIBIT A

1

```
1              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
2                Criminal No. 15-349(JLL)

3
    - - - - - - - - - - - - - -X
4                                   :
    UNITED STATES OF AMERICA        :      TRANSCRIPT OF
5                                   :      PROCEEDINGS
              -vs-                  :         PLEA
6                                   :
    MITCHELL ADAM,                  :      July 14, 2015
7                                   :
              Defendant.            :
8                                   :
    - - - - - - - - - - - - - -X    Newark, New Jersey
9

10

11

12

13   B E F O R E:

14           THE HONORABLE JOSE L. LINARES,
          UNITED STATES DISTRICT COURT JUDGE
15

16

17

18

19

20
         Pursuant to Section 753 Title 28 United States Code, the
21   following transcript is certified to be an accurate record
     as taken stenographically in the above-entitled proceedings.
22   S/Phyllis T. Lewis, CSR, CRR
     - - - - - - - - - - - - - - - - - - - - - - - - - - - -
23            PHYLLIS T. LEWIS, C.C.R., C.R.C.R.
     Official Court Reporter - United States District Court
24               Newark, New Jersey  07101
                    (732) 735-4522
25
```

2

```
 1     A P P E A R A N C E S:

 2            PAUL J. FISHMAN, UNITED STATES ATTORNEY
              970 Broad Street
 3            Newark, New Jersey 07102
              BY:  NICHOLAS GRIPPO, Assistant U.S. Attorney
 4            for the Government.

 5
              FRANK A RUBINO, ESQUIRE
 6            550 Biltmore Way (Suite 780)
              Coral Gables, Florida 33314
 7            (305-858-5300)
              Attorney for the Defendant.
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1       matter.

2               I know that you probably went over these questions

3       with your lawyer, but it is important that you be truthful,

4       and that you understand the questions because I need to

5       determine whether or not you are in fact guilty of what you

6       want to plead guilty to.

7               So towards that end, we are going to have Mr.

8       Grippo ask you the questions now.

9               Go ahead, Mr. Grippo.

10              MR. GRIPPO:   Thank you, your Honor.

11              Mr. Adam, between in or about July 2013 and

12      November of 2013, did you agree with others, specifically an

13      attorney located in New York, who ran a law practice and a

14      registered broker-dealer and a penny stock promoter who

15      resided in London in the United Kingdom, to participate in a

16      stock market manipulation scheme involving the publicly

17      traded stock of Lido Interational Corporation, which we will

18      refer to here as the "target stock"?

19              MR. ADAM:   I did, yes.

20              THE COURT:   You did.

21              MR. GRIPPO:   And specifically during that time

22      period, did you and others, conspire to fraudulently inflate

23      the price of the target stock and then sell it at the

24      inflated price for the purpose of making a profit?

25              MR. ADAM:   We did, yes.

```
 1              MR. GRIPPO:  In order to effectuate that scheme,
 2       did you and others obtain and conceal your control of a
 3       large portion of the free-trading shares of the target
 4       company's stock?
 5              MR. ADAM:  Yes, we did.
 6              MR. GRIPPO:  And did you and others also agree to
 7       engage in manipulative trading of the target stock to create
 8       the false appearance of market interest?
 9              MR. ADAM:  Yes, we did.
10              MR. GRIPPO:  In or about August of 2013, did you
11       agree with others that an individual, who we will refer to
12       here at the "trader," would use an algorithmic trading
13       system to manipulate the target stock?
14              MR. ADAM:  Yes, we did.
15              MR. GRIPPO:  And was the algorithmic trading system
16       described to you as a black box that was specifically
17       developed for manipulating stock prices?
18              MR. ADAM:  I did not hear it as a black box, but
19       yes, it was described to me for that purpose.
20              THE COURT:  Say that again.
21              MR. ADAM:  I never heard the term block box, but I
22       did understand what the purpose of what the trade in
23       algorithm was.
24              MR. GRIPPO:  Okay.  But you understood that the
25       trader would use an algorithmic trading system to manipulate
```

1    the stock?

2              MR. ADAM:  Yes, I did at the time.  I did.

3              THE COURT:  He just didn't understand it or call it

4    a black box, is that correct, Mr. Adam?

5              MR. ADAM:  Correct.

6              MR. GRIPPO:  Okay.  Thank you.

7              So specifically, did you understand that the

8    algorithmic trading system could manipulate the market by

9    placing blocks of free-trading shares in numerous offshore

10   trading accounts in the names of third parties, and then

11   execute and coordinate trades between those accounts?

12             MR. ADAM:  Yes, I did.

13             MR. GRIPPO:  Did you understand that that market

14   manipulation would in turn fraudulently create the false

15   appearance of market interest and volume in the target

16   stock?

17             MR. ADAM:  Yes, I did.

18             MR. GRIPPO:  Now, also during this time period in

19   or about August of 2013, did you and others arrange to sell

20   a majority of the free-trading shares of the target company

21   that you or your co-conspirator secretly controlled to the

22   trader through prearranged trades?

23             MR. ADAM:  Yes.

24             MR. GRIPPO:  Did you and others plan to sell the

25   target stock to investors after fraudulently inflating the

1       price of the stock in the manner that we just discussed?

2               MR. ADAM:  Yes.

3               MR. GRIPPO:  On or about October 7th of 2013, did

4       you or a co-conspirator direct a nominee shareholder to

5       place a 5,000 share sell order for the target stock priced

6       at ten cents per share?

7               MR. ADAM:  Yes.

8               MR. GRIPPO:  Was this done in furtherance of the

9       manipulation of the target stock price?

10              MR. ADAM:  Yes, it was.

11              MR. GRIPPO:  In furtherance of this scheme between

12      October 28th, 2013 and November 1st, 2013, did you or your

13      co-conspirators direct that accounts of nominee shareholders

14      execute matched or coordinated trades in the target stock?

15              MR. ADAM:  Yes.

16              MR. GRIPPO:  In committing all of these acts, did

17      you act knowingly and intentionally and willfully?

18              MR. ADAM:  Yes, I did.

19              MR. GRIPPO:  Are you pleading guilty today because

20      you are in fact guilty of the crime charged in the

21      information, that is, conspiracy to commit securities fraud

22      and mail fraud?

23              MR. ADAM:  Yes, I am.

24              MR. GRIPPO:  Your Honor, the Government represents

25      that if this matter were to proceed to trial, the Government

1    would be prepared to prove each and every element of the

2    charged offense beyond a reasonable doubt.

3         The Government believes that the defendant's

4    answers to the questions I just asked provide an adequate

5    factual basis for the Court to accept his guilty plea here

6    today.

7         THE COURT:  All right.

8         Mr. Adam, do you need to speak to your lawyer

9    before I ask you to enter your plea in this case?

10        MR. ADAM:  No, I do not.

11        THE COURT:  How do you wish to plead to the charges

12   in the information, guilty or not guilty?

13        MR. ADAM:  Guilty.

14        THE COURT:  Look, I think that you are a smart

15   person.  I think you understand what you are doing here.  It

16   is clear to me that you have had time to speak to your

17   lawyer, and it is clear to me based on your testimony that

18   you are in fact guilty of what you want to plead guilty to,

19   so I am going to accept your guilty plea as a knowing and

20   voluntary plea supported by the facts.

21        Now, your lawyer asked me before you came up, he

22   gave me a heads-up that this was going to be coming up with

23   regard to your sentencing.

24        Is that right, Mr. Rubino?

25        MR. RUBINO:  Yes, sir, it is.